O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. CR 11-00527  DDP |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER DENYING DEFENDANT'S MOTION** |
| v. | ) | **TO DISMISS INDICTMENT** |
| | ) | |
| | ) | |
| GENTIAN DODA, | ) | |
| | ) | [Motion filed on 7/18/11] |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

Presently before the court is Defendant's Motion to Dismiss the indictment. Having considered the submissions of the parties and heard oral argument, the court denies the motion and adopts the following order.

**Background**[1]

On May 25, 2011, Defendant arrived at Los Angeles International Airport on a flight originating in the United Kingdom. At inspection, Defendant presented a United Kingdom passport bearing the name "Azem Shaqiri" to United States Customs and Border Patrol officers. A routine fingerprint scan, however,

---

[1] The following facts are drawn from the Criminal Complaint filed May 27, 2011 (Dkt. No. 1).

triggered an alert and indicated that Defendant's fingerprints match those of "Gentian Doda."

Gentian Doda ("Doda") is the subject of an Interpol[2] alert and an Albanian arrest warrant in connection with two murders committed in Albania in 1997. According to the Interpol alert, Doda was born on September 11, 1978 in Tirana, Albania. Doda also has a prior conviction in Albania for illegal possession of firearms.

As a result of the fingerprint scan, Defendant was referred to secondary screening. In an interview with Border Patrol officers, Defendant reaffirmed that his name is Azem Shaqiri, and denied that he had ever been known as Gentian Doda. Consistent with his British passport, Defendant claimed that he was born in Mitrovica, Kosovo on September 11, 1981. Defendant further stated that he was arrested in the United Kingdom in 2005 for disorderly conduct and public drunkenness, but had no other criminal history.

Border Patrol officers determined that Defendant's physical appearance matched Interpol's photographic records of Gentian Doda. Additional fingerprint analysis confirmed that Defendant's prints match those of Gentian Doda. Defendant was charged with making materially false statements to Border Patrol officers in violation of 18 U.S.C. § 1001(a)(2). Defendant now moves to dismiss the indictment.

**Discussion**

Defendant contends that the information in the Interpol warrant is unverified and, therefore, the indictment must be

---

[2] Interpol is the world's largest international police organization, with 188 member countries. See http://www.interpol.int/public/icpo/default.asp.

2

dismissed. Defendant is mistaken. Whether the Government can actually prove its case has no bearing on the sufficiency of the indictment. United States v. Buckley, 689 F.2d 893, 897. Pre-trial, "the allegations of the indictment are presumed to be true," and the Government "need not allege its theory of the case or supporting evidence . . . ." Id. "[A]n indictment is sufficient if it first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Lazarenko, 564 F.3d 1026, 1033 (9th Cir. 2009).

Here, the indictment states:

> [D]efendant Gentian Doda, also known as "Azem Shaqiri" ("DODA") knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation in that he stated he was not "Gentian Doda," that he was not born in Albania, that his date of birth was September 11, 1981, and that he had never been arrested and that he had never been arrested or had any problems with the law anywhere in the world, when in truth and fact, as defendant DODA then well knew, defendant Doda's true name was "Gentian Doda," he was born in Albania, his date of birth was September 11, 1978, and he had been convicted of premeditated murder in Albania."

Regardless of whether the Government can ultimately prove these allegations beyond a reasonable doubt at trial, the indictment adequately informs Defendant of the charges against him. Defendant does not contend otherwise. Accordingly, Defendant's Motion to Dismiss the indictment is DENIED.

IT IS SO ORDERED.

Dated: August 17, 2011

DEAN D. PREGERSON
United States District Judge